UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

---

VIRGINIA JAMES,

   Plaintiff,

 v.              Civil Action No. 11-0963 (RBW)

MICHE BAG CORP.,

   Defendant.[1]

---

## MEMORANDUM OPINION

This matter is before the Court on Miche Bag, LLC's Renewed Motion to Dismiss Pursuant to Rule 12(b)(6) [ECF No. 29]. For the reasons discussed below, the motion will be granted.

### I. BACKGROUND

According to the plaintiff, in 1983 she "went to an invention office at Wisconsin Ave., N.W., and . . . gave them [an] idea . . . to put a different cover on a pair of shoes" so that "each time you change the cover you change your shoes." Complaint [ECF No. 1-3] ("Compl.") at 6-7

---

[1] According to the defendant, there is no such corporate entity as "Miche Bag Corp.," and that "Miche Bag LLC is not Miche Bag <u>Corp</u>." Statement of Points and Authorities in Support of Miche Bag LLC's Motion to Dismiss Pursuant to Rule 12(b)(6) at 5 n.1 (emphasis in original). As it must, the Court construes this *pro se* plaintiff's pleadings liberally, and proceeds as if the plaintiff has named the proper corporate entity -- Miche Bag LLC -- as the defendant in this action.

(page numbers designated by the Court).² She represents that she paid that office $395.00 "for a patent" and for "a market search." *Id.* at 7. The plaintiff attached to her complaint an "Inventors Record" purporting to show that on January 8, 1983, she "conceived the invention entitled shoe covering" and that she first disclosed her idea to Robert R. Bourdeau and made her first sketches on January 11, 1983. *Id.* at 11, Exhibit ("Ex.") (Inventors Record, File No. DC 5343). Her product was to be marketed in Connecticut, and she was allegedly told that someone "would get in touch with [her] to discuss the money [she] would be getting and other things." *Id*. at 7. No one contacted her, and when she called the office the telephone number was no longer in service. *Id.* The plaintiff "didn't know how to locate them," *id.*, though she did send Mr. Bourdeau a letter on or about May 17, 1983. *See id.* at 15, Ex. (Letter from the plaintiff to Mr. Bourdeau dated May 17, 1983). She contends that she "didn't have the thousand[s] of dollars to give attorneys needed to find them." *Id.* at 7.

"Now some twenty-five (25) years latter [sic]," the plaintiff alleges that "they have marketed and are selling [her] idea, product, and concept on T.V." *Id*. at 8. The plaintiff asserts that the defendant "advertised on T.V. a product called the Miche Bag," *id.* at 6, having altered her product "from changing the cover from a pair of shoes to changing the cover on a pocketbook to change your pocketbook every day." *Id.* at 8. Through this marketing, she alleges, "Miche Bag Corp. has neglected to give [her] money owed to [her]," and thus has "stolen [her] product idea[] and concept . . . for [its] own financial . . . gain." *Id.* at 9. She demands a declaratory judgment and compensation of $ 20 million. *Id*.

---

² The defendant attaches to its Notice of Removal [ECF No. 1] documents that had been filed in the Superior Court of the District of Columbia. Among those documents is the plaintiff's four-page complaint and unnumbered exhibits. *See* Notice of Removal, Ex. A (ECF No.1-3]. In this Memorandum Opinion, references to the complaint and its exhibits adopt the page numbers designated by the Court's electronic case filing system.

II.  DISCUSSION

The plaintiff's complaint is construed as bringing a single claim – breach of contract – with the Inventors Record as the purported written contract.  *See* Compl. at 6; More Detailed Statement of My Claim vs. Miche Bag [ECF No. 23] at 2.  The defendant moves to dismiss the complaint on the grounds that (1) the Inventors Record is not an enforceable contract to which it is a party and (2) the plaintiff's claim is time-barred.  *See generally* Statement of Points and Authorities in Support of Miche Bag LLC's Motion to Dismiss Pursuant to Rule 12(b)(6) [ECF No. 29] ("Def.'s Mem.") at 8-16.

*A.  Dismissal Under Rule 12(b)(6)*

A complaint is subject to dismissal if it fails to state a claim upon which relief can be granted.  *See* Fed. R. Civ. P. 12(b)(6); *Sodexo Operations, LLC v. Not-For-Profit Hosp. Corp.*, __ F. Supp. 2d __, __, No. 12-108, 2013 U.S. Dist. LEXIS 37456, at *2-3 (D.D.C. Mar. 19, 2013).  However, a plaintiff need only provide a "short and plain statement of [her] claim showing that [she] is entitled to relief," Fed. R. Civ. P. 8(a)(2), that "'give[s] the defendant fair notice of what the . . . claim is and the grounds upon which it rests,'" *Erickson v. Pardus*, 551 U.S. 89, 93 (2007) (per curium) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007)).  To survive a motion to dismiss under Rule 12(b)(6), "a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Twombly*, 550 U.S. at 570).  In other words, it must "plead factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Patton Boggs LLP v. Chevron Corp.,* 683 F.3d 397, 403 (D.C. Cir. 2012) (internal quotation omitted).  Although a complaint filed by a *pro se* plaintiff is

"to be liberally construed," *Erickson*, 551 U.S. at 94 (internal citation omitted), it, too, must set forth factual allegations that "raise a right to relief above the speculative level." *Twombly*, 550 U.S. at 555.

### B. *The Inventors Record is Not an Enforceable Contract*

In the District of Columbia, a contract cannot be enforced by a court "unless it can determine what the contract is." *Bond v. U.S. Dep't of Justice*, 828 F. Supp. 2d 60, 79 (D.D.C. 2011). An enforceable contract exists where there is "'(1) an agreement to all material terms, and (2) intention of the parties to be bound.'" *EastBanc, Inc. v. Georgetown Park Assocs. II, L.P.*, 940 A.2d 996, 1002 (D.C. 2008) (quoting *Duffy v. Duffy*, 881 A.2d 630, 634 (D.C. 2005)). "[T]he contract must 'be sufficiently definite as to its material terms (which include, for example, subject matter, price, payment terms, quantity, quality, and duration) that the promises and performances to be rendered by each party are reasonably certain.'" *Mero v. City Segway Tours of Washington DC, LLC*, 826 F. Supp. 2d 100, 105 (D.D.C. 2011) (quoting *Virtual Dev. & Def. Int'l, Inc. v. Republic of Moldova*, 133 F. Supp. 2d 9, 17 (D.D.C. 2001)). Nevertheless, "'all of the terms contemplated by the agreement need not be fixed with complete and perfect certainty for a contract to [be enforceable].'" *Eastbanc*, 940 A.2d at 1002 (quoting *Rosenthal v. Nat'l Produce Co.*, 573 A.2d 365, 369 (D.C. 1990)). Rather, "'the terms of the contract [must be] clear enough for the court to determine whether a breach has occurred and to identify an appropriate remedy.'" *Id.* (quoting *Affordable Elegance Travel, Inc. v. Worldspan, L.P.*, 774 A.2d 320, 327 (D.C. 2001)).

The Inventors Record is a preprinted form which indicates that the plaintiff "conceived the invention entitled shoe covering" on or about January 8, 1983, and that she "first disclosed

4

[her invention] to others" and made her "[f]irst sketches" on or about January 11, 1983. Compl. at 11, Ex. (Inventors Record). It further indicates that the plaintiff "disclosed to [Robert R. Bourdeau] the invention illustrated and described" therein on January 11, 1983. *Id.* The Inventors Record includes no terms, however. Namely it does not set forth any details concerning price, payment terms, quantity, quality, or duration of the contract. Nor does it obligate Mr. Bourdeau or any other party to patent or market the plaintiff's invention or to take any other action. Accordingly, the Inventors Record is so vague and devoid of content that it is impossible for the Court to determine its terms or any breach of its terms.[3]

Furthermore, there is no basis from which to conclude that the defendant intended to bind itself to the purported terms of the Inventors Record. The "signatories were only [the plaintiff] and Robert Bourdeau . . . as the representing individual for the Marketing Corp." Plaintiff's Reply to Defendant's Motion [ECF No. 33] at 2. Neither Mr. Bourdeau nor the Marketing Corp. is a defendant to this action, however. The sole defendant, Miche Bag, represents that "[n]o individual by the name of Robert R. Bourdeau has ever been associated or affiliated, in any way, with Miche Bag, let alone as an agent capable of binding Miche Bag." Def.'s Mem. at 16 n.7. Wholly absent from the complaint are any factual allegations linking the plaintiff and the Inventors Record to Miche Bag, or asserting that Mr. Bourdeau either acted on behalf of Miche Bag or was otherwise so closely connected with Miche Bag that this defendant is liable for his actions. The Investors Record, therefore, is not an enforceable contract.

---

[3] If, alternatively, the plaintiff proceeds on a theory that she entered into an oral contract with Mr. Bourdeau, the Court still is left with no basis from which to determine the oral contract's terms, the parties' obligations, the existence of a breach, or an appropriate remedy.

## C. The Plaintiff's Breach of Contract Claim is Time-Barred

Even if the complaint adequately had alleged the existence of an enforceable contract between the plaintiff and Miche Bag, the filing of a breach of contract claim is untimely. Under District of Columbia law, a party must bring an action "on a simple contract, express or implied," within three years "from the time the right to maintain the action accrues." D.C. Code § 12-301. "A cause of action for breach of contract accrues, and the statute of limitations begins to run, at the time of the breach." *EastBanc,* 940 A.2d at 1004 (citation omitted); *see also Bembery v. District of Columbia*, 758 A.2d 518, 520 (D.C. 2000).

The purported contract here, the Inventors Record, was signed by the plaintiff and Mr. Bourdeau on January 11, 1983. The breach occurred "shortly thereafter," when allegedly the plaintiff "was scammed and [her] invention stolen." Motion to Not Dismiss My Claim [ECF No. 31] ("Pl.'s Opp'n") at 2. By May 17, 1983, the date of the plaintiff's letter to Mr. Bourdeau, the plaintiff knew that the invention office had closed, that the office had no working telephone number, and that Mr. Bourdeau had taken no action with respect to the plaintiff's invention, notwithstanding her payment of $395. *See* Compl. at 15, Ex. (Letter from the plaintiff to Mr. Bourdeau dated May 17, 1983). Moreover, the plaintiff acknowledges that she knew "[b]eyond a shadow of a doubt that [her] invention was stolen in 1983." Pl.'s Opp'n at 5.[4] The plaintiff's lawsuit, filed "some twenty-five (25) years lat[]er," Compl. at 8, therefore is untimely.

---

[4] Because the plaintiff was aware of the breach in 1983, she cannot escape the three-year limitations period by arguing that she did not become aware of the breach until she saw the Miche Bag advertised on television, making the filing of her complaint "within a couple of weeks" thereafter, Pl.'s Opp'n at 2, timely.

## III. CONCLUSION

Because the plaintiff's complaint fails to state a breach of contract claim against Miche Bag upon which relief can be granted, the defendant's motion to dismiss will be granted. An Order is issued separately.


DATE: September 25, 2013               /s/
                                       REGGIE B. WALTON
                                       United States District Judge